**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL SHAWN JORDAN** | § | **PETITIONER** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:25cv330-HSO-ASH** |
| | § | |
| | § | |
| **ANGELENA JOHNSON** | § | |
| ***Warden of East Mississippi*** | § | |
| ***Correctional Facility*** | § | **RESPONDENT** |

**ORDER OVERRULING PETITIONER'S OBJECTIONS [24];
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [22]; GRANTING RESPONDENT'S
MOTION [13] TO DISMISS; AND DISMISSING PETITION FOR WRIT
OF HABEAS CORPUS WITH PREJUDICE**

This matter comes before the Court on Petitioner Michael Shawn Jordan's

Objections [24] to the Report and Recommendation [22] of United States Magistrate

Judge Andrew S. Harris, which recommends that Respondent Angelena Johnson's

Motion [13] to Dismiss be granted and that the Petition for Writ of Habeas Corpus

be dismissed with prejudice.

After due consideration of the Motion [13], the Report and Recommendation

[22], Petitioner's Objections [24] and Response [26] to Respondent's Notice [25], the

record, and relevant legal authority, the Court finds that Petitioner's Objections

[24] should be overruled, the Magistrate Judge's Report and Recommendation [22]

should be adopted, Respondent's Motion [13] to Dismiss should be granted, and the

Petition for Writ of Habeas Corpus should be dismissed with prejudice as time-

barred.

## I.   <u>BACKGROUND</u>

### A.   <u>State-Court Proceedings</u>

In September 2015, a grand jury in the Circuit Court of Harrison County, Mississippi, First Judicial District, returned a four-count indictment against Petitioner Michael Shawn Jordan ("Petitioner" or "Jordan"), charging him with sexual battery.   *See* R. [12-3] at 15-17 (filed restricted access).   Jordan proceeded to trial, and on February 22, 2018, the jury found him guilty on all four counts.   *See* R. [12-4] at 9 (filed restricted access).   The state court sentenced him that day to a 30-year term of incarceration as to each count, to run concurrently, "for a total of 30 years to be served day for day."   *Id.* at 10; *see also id.* at 22-23 (final judgment).

On March 5, 2018, Jordan filed a motion for judgment notwithstanding the verdict, or in the alternative, for a new trial, *see id.* at 36-40, which was denied on June 11, 2018, *see id.* at 43-44.   Over two years later, on or about December 13, 2021, Jordan filed a motion in the state court for leave to proceed on an out-of-time direct appeal, *see id.* at 45, which that court permitted, *see id.* at 71-72.   The Mississippi Court of Appeals affirmed Jordan's conviction and sentence on February 14, 2023, and denied his motion for rehearing on September 19, 2023.   *See* R. [12-11] at 3, 8, 16-29, 45-58 (filed restricted access).   Jordan did not file a petition for writ certiorari in the Mississippi Supreme Court.

On July 23, 2025, Jordan filed a motion for post-conviction relief in state court, followed by a renewed motion on November 17, 2025.   *See* R. [12-1] at 1-2

(filed restricted access).    As of January 13, 2026, "the Harrison County Circuit Court ha[d] not yet ruled on these motions."    Mot. [13] at 3.

B.    Procedural History

Jordan placed his Petition [1] under 28 U.S.C. § 2254, seeking a writ of habeas corpus from this Court, in the mail on November 3, 2025, *see* Env. [1-14] at 1, and it was filed of record on November 10, 2025, Pet. [1].    Petitioner raised lack of jurisdiction, including subject-matter jurisdiction, personal jurisdiction, territorial jurisdiction, jurisdiction to impose sentence, and custodial jurisdiction. *See id.* at 2-4.    Petitioner later filed a Petition [4] in the proper form, adding more grounds.    *See* Pet. [4].    Ground Two raised "waiver of indictment was forged, wrong judge signed; contains handwritten fake case number," *id.* at 5; Ground Three raised ineffective assistance of counsel, *id.* at 8; and Ground Four raised "fraudulent case numbers/record tampering," *id.* at 10.

Respondent filed a Motion [13] to Dismiss, arguing that the Petition was time-barred under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d).    *See* Mot. [13].    According to Respondent, Petitioner's judgment became final on October 3, 2023, giving him until October 3, 2024, to file a timely federal habeas petition, which he failed to do.    *See id.* at 5-6. Respondent argues that Jordan is not entitled to statutory or equitable tolling and that he filed his federal habeas Petition over a year too late.    *See id.* at 6-10.

On July 10, 2026, the Magistrate Judge entered a Report and Recommendation [22] that the Court grant Respondent's Motion [13] and dismiss

3

the Petition [1] as time-barred.  *See* R.&R. [22] at 6.  Petitioner objects, arguing that the Court should determine "whether the limitations period commenced on a later date under 28 U.S.C. [§] 2244(d)(1)(B) or (D), whether equitable tolling applies, and whether the evidence presented invokes the actual-innocence gateway recognized in *McQuiggin v. Perkins*, 569 U.S. 383 (2013)."  Obj. [24] at 2.  Notably, he does not contest that the Petition would otherwise be time-barred under § 2241(d)(1)(A).

Respondent filed a Notice [25] that she "does not intend to file any formal response to Jordan's meritless objections," Notice [25] at 2, as "Respondent agrees with the well-reasoned findings of fact and conclusions of law of the Magistrate Judge," and Petitioner "fails to argue any valid legal or factual basis sufficient to overcome the Magistrate Judge's Report and Recommendation rejecting Jordan's claims for federal habeas relief as time-barred," *id.* at 1-2.  Petitioner has responded to the Notice [25], disputing Respondent's statements and reasserting his objections to the Report and Recommendation [22].  *See* Resp. [26].

## II.  DISCUSSION

### A.    Standard of Review

Because Petitioner has filed written Objections [24] to the Magistrate Judge's Report and Recommendation [22], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts.  "Such review

4

means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark*, Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, at *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

28 U.S.C. § 2244 provides a one-year statute of limitations for a person in custody pursuant to judgment of a state court to file an application for writ of habeas corpus. *See* 28 U.S.C. § 2244(d). This limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge and will adopt his Report [22] and

Recommendation.

B.    Analysis

1.    Date the Limitations Period Commenced

Petitioner's first objection relates to the date that the Magistrate Judge concluded that the one-year limitations period began to run; he maintains that it should have started at a later date under 28 U.S.C. § 2244(d)(1)(B) or (D), rather than when his state-court judgment became final under § 2244(d)(1)(A).   *See* Obj. [24] at 2.   He claims he "has consistently alleged that material records necessary to identify and understand his claims were not produced by state officials and that he was required, while incarcerated, to obtain and submit material records through his own efforts."   *Id.* at 2-3.

a.    State-Created Impediment under § 2244(d)(1)(B)

"In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."   *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). Even if the first two prongs are met, a petitioner can "only prevail in applying § 2244(d)(1)(B) by showing that the state's actions were so egregious as to constitute a violation of the United States Constitution."   *Wickware v. Thaler*, 404 F. App'x 856, 862 (5th Cir. 2010) (per curiam).

The official records Petitioner maintains he needed include those reflecting:

1.    materially inconsistent cause numbers across the certified docket, indictment, judgment, sentencing, and MDOC records[;]
2.    a handwritten cause number appearing on multiple material records;

3. an MDOC custody entry associated with December 2014;
4. an indictment alleging conduct beginning in December 2014; and
5. sworn trial testimony bearing upon Petitioner's location and family circumstances during the relevant period.

Obj. [24] at 3-4.   According to Petitioner, "April 2025 is when he obtained and compared key official documents revealing factual inconsistencies that form the predicate of specific claims presented in this proceeding."   *Id.* at 5.

The majority, if not all, of these documents were public records that Petitioner could have requested at any time even though he was incarcerated. Moreover, it is unclear what colorable grounds for habeas relief could or would be gleaned from them.   *See id.*   Nor is there any allegation that any state actor prevented Petitioner from filing a timely federal habeas petition.   *See Egerton*, 334 F.3d at 436.   And, even if an impediment existed, the record does not reflect that such actions were so egregious as to rise to a constitutional violation. Section 2241(d)(1)(B) does not apply, *see id.*; *Wickware*, 404 F. App'x at 862, and this objection should be overruled.

b. <u>Discovery of Factual Predicate of Claims under § 2244(d)(1)(D)</u>

28 U.S.C. § 2244(d)(1)(D) provides that the one-year statute of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."   28 U.S.C. § 2244(d)(1)(D).   The Fifth Circuit has "held that this means the date a petitioner is on notice of the facts which would support a claim, not the date on which the petitioner has in his possession evidence to support his claim."   *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015).   "[C]ourts have . . . put the burden on the petitioner

to show his petition is timely under Section 2244(d)(1)(D) by demonstrating the date that the factual predicate of the claim could have been discovered through the exercise of due diligence." *Warren v. Dir., TDCJ-CID*, No. 3:21-CV-787-M-BN, 2022 WL 10187499, at *4 (N.D. Tex. Sept. 20, 2022), *report and recommendation adopted*, No. 3:21-CV-0787-M-BN, 2022 WL 10198690 (N.D. Tex. Oct. 17, 2022) (collecting cases).

Petitioner contends that § 2244(d)(1)(D) "supplies a later commencement date for claims based on subsequently obtained records," Obj. [24] at 6, and that the Magistrate Judge erred by applying "a single limitation calculation to the Petition as a whole," *id.* at 7.   He "requests a claim-specific analysis of the record-identity, handwritten-cause-number, unexplained probation status, custody-timeline, and nonproduction claims before dismissal with prejudice." *Id.*

Petitioner does not specify what date he claims he was placed on notice of facts that would support a habeas claim, or when the limitations period for any such claim began to run.   *See id.*; *In re Young*, 789 F.3d at 528.   As the Magistrate Judge pointed out, Petitioner "never affirmatively states the date on which the factual predicate could have been discovered through due diligence," and his bare assertion that the State of Mississippi failed to produce documents demonstrating, to Petitioner's satisfaction, that it had jurisdiction over him is insufficient to show § 2244(d)(1)(D) applies.   R.&R. [22] at 3 n.3.   The Court agrees, and this objection should be overruled.

8

2.    Equitable Tolling

Petitioner did not argue for equitable tolling in opposition to Respondent's Motion [13] to Dismiss, *see* Resp. [14], raising it for the first time now in his Objections, *see* Obj. [24] at 2.   The Fifth Circuit has held that "issues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge."   *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)).   So, Petitioner's equitable tolling claim is not properly before the Court and need not be considered. *See id.*   To the extent Petitioner impliedly seeks leave to amend to add this new claim, any such request should be denied under the specific facts and circumstances of this case.   *See, e.g., Omran v. Prator*, 674 F. App'x 353, 355 (5th Cir. 2016) (holding that an equal-protection claim would not be considered because it was raised for the first time in the petitioner's objections to the magistrate judge's report and recommendation, and the district court did not abuse its discretion in implicitly denying him leave to amend).   The Court will not consider this new issue interjected for the first time in Petitioner's Objections [24].

But even if this issue were properly before the Court, the Magistrate Judge concluded that "for the reasons stated in Respondent's motion to dismiss, equitable tolling is not available to Jordan."   R.&R. [22] at 4 n.4 (citing Mot. [13] at 7-10). The Court agrees.   "As a general rule, equitable tolling operates only in rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable."   *Sutton v.*

9

*Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (per curiam) (quotation omitted).   "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."   *Holland v. Fla.*, 560 U.S. 631, 649 (2010) (quotations omitted).   "Moreover, he must demonstrate a causal relationship between the extraordinary circumstance and his delay, a showing that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstance."   *Smith v. Vannoy*, 848 F. App'x 624, 628 (5th Cir. 2021) (per curiam) (quotation omitted).

"A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."   *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).   Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, and "neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling."   *Sutton*, 722 F.3d at 317.

Petitioner has not shown that he was actively misled or prevented in some extraordinary way from timely asserting his rights, *see id.*, nor has he demonstrated reasonable diligence and a causal connection between such diligence and any extraordinary circumstance, *see Smith*, 848 F. App'x at 628; *In re Wilson*, 442 F.3d at 875.   This objection should be overruled.

3.    Actual Innocence

Finally, Petitioner asserts for the first time that the Court should apply the actual-innocence gateway recognized in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *See* Obj. [24] at 2.   Because this claim was also raised for the first time in objections to the report of a magistrate judge, it is not properly before the Court. *See Finley*, 243 F.3d at 219 n.3.   And to the extent Petitioner impliedly seeks leave to amend to add this new claim, this request should be denied.   *See, e.g., Omran*, 674 F. App'x at 355.   The Court will not consider this new issue, and the Petition [1] was untimely, as the Magistrate Judge found.

Even if Petitioner's argument that the state-court's judgment was entered without jurisdiction could be construed as an actual innocence claim, *see* Resp. [14] at 3-4, the result would not change.   In *McQuiggin*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass," even after expiration of the statute of limitations, but it cautioned that "tenable actual-innocence gateway pleas are rare."   *McQuiggin*, 569 U.S. at 386. In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency."   *Bousley v. United States*, 523 U.S. 614, 623 (1998).   A petitioner must persuade the district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Petitioner does not point to any new evidence tending to show he was actually innocent, or that otherwise presents a colorable actual innocence claim.

11

Importantly, he does not assert factual innocence, which is what is required. *See id.*; *Bousley,* 523 U.S. at 623. Instead, Petitioner focuses on the trial court's alleged lack of jurisdiction, including purported discrepancies in the state-court record. *See* Resp. [14] at 3-4; Obj. [24] at 12-13. But "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," and "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A district court is "required to accord due deference to the state courts' interpretation of its own law that a defect of substance in an indictment does not deprive a state trial court of jurisdiction," and "[t]he question whether a defective state indictment confers jurisdiction on the state trial court is a matter of state law." *McKay v. Collins*, 12 F.3d 66, 69 (5th Cir. 1994). Any actual innocence claim based upon alleged discrepancies in the state-court record is not well taken, and Petitioner's objection on this point should be overruled. *See id.*; *Estelle,* 502 U.S. at 67-68; *see also, e.g., McMeans v. Alabama*, No. 2:19-CV-1039-WHA-CSC, 2022 WL 2911803, at *5 (M.D. Ala. July 11, 2022), *report and recommendation adopted,* No. 2:19-CV-1039-WHA-CSC, 2022 WL 2913002 (M.D. Ala. July 22, 2022) ("[T]here is no exception to the AEDPA's limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court.").

## III.  CONCLUSION

In sum, because the Petition [1] was time-barred, Respondent's Motion [13] to Dismiss should be granted. The Court will overrule Petitioner's Objections [24],

12

adopt the Magistrate Judge's Report and Recommendation [22] as the opinion of this Court, grant Respondent's Motion [13] to Dismiss, and dismiss the Petition for Writ of Habeas Corpus with prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Petitioner Michael Shawn Jordan's Objections [24] to the Report and Recommendation [22] of United States Magistrate Judge Andrew S. Harris are **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [22] of United States Magistrate Judge Andrew S. Harris is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Angelena Johnson's Motion [13] to Dismiss is **GRANTED,** and Petitioner Michael Shawn Jordan's Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 10th day of August, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

13